UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMIAH D. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-1491-WTL-DKL |
| | ) |
| BILL WILSON Superintendent, Indiana State Prison, | ) |
| | ) |
| Respondent. | ) |

## ENTRY ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

This cause is before the Court on the Petitioner Jeremiah D. Brown's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Dkt. No. 6). Brown's petition is fully briefed, and the Court, being duly advised, **DENIES** the petition for the reasons set forth below. In addition, the court finds that a certificate of appealability should not issue.

### I.   BACKGROUND

On March 8, 2004, Brown was charged with stabbing to death family friend, James Seldomridge. The Indiana Court of Appeals detailed the murder as follows:

> On March 1, 2004, Brown consumed several prescription pain reliever pills before attending a friend's birthday party in Muncie. At the party, Brown consumed a number of alcoholic beverages throughout the course of the night. Around midnight, Brown left the party and visited his father's residence, where he consumed more alcohol and smoked crack cocaine. While at his father's residence, Brown and his father got into a number of altercations.
>
> Approximately ten days prior to the night in question, Brown's brother had committed suicide. Brown suspected that his brother had been molested by James Seldomridge, who had also allegedly molested Brown when he was a teenager. Thus, Brown concluded that his brother committed suicide because, according to Brown, he had been molested by Seldomridge.

---

[1] Brown is confined in the Indiana State Prison in Michigan City, Indiana.

> In the early morning hours on March 2, 2004, Brown grabbed a knife from his father's kitchen, walked to Seldomridge's residence, and broke a window. Brown then climbed into the residence, still armed with the knife. He then stabbed Seldomridge approximately fifteen times, leaving separate knife wounds on Seldomridge's head, back, chest, and limbs. Following the attack, Brown—still wearing clothes soaked in Seldomridge's blood—walked to a friend's apartment, where he attempted to clean himself. The police apprehended Brown later that morning. On March 4, 2004, Seldomridge died from the stab wounds.

*Brown v. State*, No. 18A02-0504-CR-356, 2-3 (Ind. Ct. App. Jan. 6, 2006). Brown ultimately pled guilty to a charge of voluntary manslaughter pursuant to a plea agreement with the Government, and on March 28, 2005, the court sentenced Brown to forty years' imprisonment—the maximum allowed under the plea agreement.[2]

Despite pleading guilty, Brown appealed his sentence to the Indiana Court of Appeals arguing "that the trial court improperly considered certain aggravating factors and improperly refused to consider certain mitigating factors." *Id.* at 5. Brown also made a half-hearted attempt at arguing that his sentence was inappropriate under Indiana Appellate Rule 7(B).[3] In this regard, Brown included one sentence at the end of his brief stating that "[u]nder the circumstances of this cause, no reasonable person could find the . . . sentence imposed on Jeremiah Brown was appropriate." *Id.* at 5, n.3. Notwithstanding Brown's arguments, a majority of the appellate court concluded that "the trial court considered proper aggravating and mitigating factors," and "[i]t also properly declined to consider certain mitigating factors proffered by Brown." *Id.* at 13. The majority further determined that Brown had waived any argument he may have had under Indiana Appellate Rule 7(B), because "the argument was not supported by cogent reasoning or

---

[2] At the time Brown committed the crime, the statutory maximum term of imprisonment for voluntary manslaughter as a Class A felony was fifty years. Ind. Code § 35-50-2-4.

[3] Indiana Appellate Rule 7(B) provides as follows: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

2

authority." *Id.* at 5, n. 3. One dissenting judge, however, noted that "the trial court gave undue weight to Brown's unrelated history of misdemeanor criminal offenses," *Id.* at 15, and he "would find the forty-year sentence inappropriate and subject to revision pursuant to Indiana Appellate Rule 7(B)." *Id.* at 16. In other words, the dissenting judge did not believe Brown's argument under 7(B) had been waived. Despite the split, the Indiana Supreme Court denied transfer. *Brown v. State*, 855 N.E.2d 1005 (Ind. 2006).

Thereafter, on January 5, 2007, Brown filed a petition for post-conviction relief. After the trial court denied his petition, Brown appealed the decision to the Indiana Court of Appeals. He argued that he received ineffective assistance of counsel during his direct appeal because appellate counsel "failed to effectively present a claim that Brown's sentence was inappropriate in light of the nature of the offense and the character of the offender pursuant to Indiana Appellate Rule 7(B)." *Brown v. State*, 961 N.E.2d 543, *2 (Ind. Ct. App. 2012) (unpublished opinion). The appellate court did not agree and concluded as follows:

> Although Brown's minimal criminal history, abusive childhood, and history of mental illness require consideration, those factors are outweighed by the viciousness of Brown's attack. Brown has failed to demonstrate that his forty-year . . . sentence is inappropriate. In the absence of a meritorious claim under Indiana Appellate Rule 7(B), Brown was not prejudiced by [appellate counsel's] failure to effectively present such a claim, and we cannot conclude that Brown received ineffective assistance of appellate counsel.

*Id.* at *5. Again, the Indiana Supreme Court denied transfer. *Brown v. State*, 963 N.E.2d 1124 (Ind. 2012).

With his state appeals exhausted, Brown now seeks to contest his sentence under 28 U.S.C. § 2254.

## II. STANDARD

A federal court may issue a writ of habeas corpus for a person in state custody if it finds the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, "a federal court may grant habeas relief only if the state court's adjudication of the petitioner's constitutional claims was based on unreasonable fact-finding or was contrary to, or involved an unreasonable application of, clearly established federal law." *Starkweather v. Smith*, 574 F.3d 399, 402 (7th Cir. 2009) (citing 28 U.S.C. § 2254(d)).

## III. DISCUSSION

Brown argues that he is being held in violation of federal law because he received ineffective assistance of appellate counsel. As he did during his post-conviction proceedings, Brown maintains that appellate counsel failed to appropriately raise the argument that he was entitled to a sentence reduction under Indiana Appellate Rule 7(B) during his direct appeal. Brown further argues that the Indiana courts unreasonably applied federal law in ruling that appellate counsel was not ineffective in this respect. As a result, Brown asks this Court to review *de novo* his ineffective assistance of counsel argument. The Government, however, argues that the State courts' "adjudication that Brown was not denied the effective representation of appellate counsel was a reasonable application of clearly established federal law," i.e., the Court properly applied *Strickland v. Washington*, 466 U.S. 668 (1984). Government's Resp. at 6, Dkt. No. 12. Accordingly, this Court should defer to the state court's ruling on the matter. The Court agrees.

To prevail on a claim of ineffective assistance of appellate counsel, the petitioner must show that appellate counsel's performance was "unreasonably deficient" and that this

inadequacy resulted in prejudice. *Howard v. Gramley,* 225 F.3d 784, 790 (7th Cir. Cir. 2000). On the deficiency prong, the petitioner must show that counsel failed to present a significant and obvious issue on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288 (2000). Counsel, however, "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. Where appellate counsel has presented some arguments on appeal but not others, it will be difficult to demonstrate that counsel was incompetent. *See id.* As to the prejudice prong, the petitioner must show "there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the . . . trial court would have been otherwise modified on appeal." *Howard,* 225 F.3d at 789-90.

> On federal habeas review, however,
>
> [t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." . . . A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citation omitted) (emphasis in original).

In the present case, the Indiana Court of Appeals did not address whether appellate counsel's performance was deficient. Rather, the court focused on the prejudice prong of the *Strickland* analysis—which it is entirely permitted to do. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). In evaluating whether Brown suffered prejudice, the court considered, in depth, the merits of

Brown's 7(B) argument; it reviewed the nature of the offense (which the court found to be callous and brutal) and the characteristics of the offender (which the Court did not believe were outweighed by the "viciousness of Brown's attack"). The court therefore concluded that Brown failed to establish that his forty-year sentence is inappropriate. Because his claim under Rule 7(B) was not "meritorious," the appellate court reasoned that there was not a reasonable probability that the outcome of the proceedings would have been different. *Brown*, 961 N.E.2d at *1 (emphasis added). Thus, the court determined that Brown did not suffer ineffective assistance of counsel in relation to appellate counsel's failure to adequately address his Rule 7(B) argument.

Brown, however, takes issue with the language used by the appellate court in its entry. The Indiana Court of Appeals specifically held that "Brown . . . failed to demonstrate that his forty-year . . . sentence is inappropriate. In the absence of a meritorious claim under Indiana Appellate Rule 7(B), Brown was not prejudiced by [appellate counsel's] failure to effectively present such a claim." *Brown*, 961 N.E.2d at *5. Brown argues that the court's use of the term "meritorious" indicates that it held him to "a more stringent standard than *Strickland* requires," and is "*per se* an unreasonable application of *Strickland*." Brown's Am. Pet. at 10. The Court does not agree with Brown's characterization of the appellate court's application of *Strickland*. Rather, the Court of Appeals, after noting the proper standard, *see Brown*, 961 N.E.2d at *1, and thoroughly examining the merits of Brown's Rule 7(B) argument, simply used the term "meritorious" to signify that there was not a reasonable probability that the outcome of the proceedings would have been different. While the appellate court could have been more clear by using the *Strickland* language in its holding, the Court does not find that the appellate court applied an incorrect standard. Accordingly, there was no unreasonable application of clearly

6

established federal law, and the Court will defer to the holding of the Indiana Court of Appeals on Brown's ineffective assistance of appellate counsel claim.

## IV. CONCLUSION

For the foregoing reasons, Brown's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Brown has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

SO ORDERED: 11/15/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.